UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

BROADCAST MUSIC, INC.; GIBB
BROTHERS MUSIC; CROMPTON SONGS;
SONY/ATV SONGS, LLC; SONY/ATV
LATIN MUSIC PUBLISHING, LLC; EMI
BLACKWOOD MUSIC, INC.; COLLIPARK
MUSIC; SOAR LOSER MUSIC; DA
CRIPPLER PUBLISHING; EWC
PUBLISHING CO.; SOULJA BOY TELLEM
MUSIC, INC.; WARNER-TAMERLANE
PUBLISHING CORP.,

                         Plaintiffs,

    v.

LOYAL BROTHERS, INC d/b/a NATIVE
SON, and RICARDO RODRIGUEZ, each
individually

                         Defendants.

**Civil Action No. 1:22-cv-01590-MEH**

## PLAINTIFFS' MOTION FOR DEFAULT JUDGEMENT AGAINST DEFENDANTS

Pursuant to Federal Rule of Civil Procedure 55(b), Plaintiffs respectfully move this Court

for entry of default judgment against Defendants Loyal Brothers, Inc d/b/a Native Son, and Ricardo

Rodriguez (collectively, "Defendants").

### I.    BACKGROUND FACTS

#### A.    The Parties

Plaintiff Broadcast Music, Inc. ("BMI") is a "performing rights society" which licenses the

right to publicly perform a repertoire of 18.7 million copyrighted musical compositions works on

behalf of the copyright owners of these works. *See* 17 U.S.C. § 101. The other Plaintiffs are the copyright owners of the five (5) individual compositions which are the subject of this lawsuit from whom BMI has acquired the non-exclusive public performance rights. (Declaration of Attorney Anthony Adewumi ("Adewumi Declaration"), ¶¶ 2, 4.)

BMI, in turn, grants to music users such as broadcasters and the owners and operators of concert halls, restaurants, nightclubs and hotels, the right to publicly perform any of the works in BMI's repertoire by means of "blanket license agreements". (Adewumi Declaration, ¶ 2.) These agreements have been recognized as the most efficient means to exploit copyright owners' public performance rights.

BMI operates as a non profit-making performing rights organization. BMI distributes all of the money it collects in license fees from music users—licensees such as the restaurants, hotels and nightclubs referenced above—as royalties to its affiliated publishers and composers, after the deduction of operating expenses and reasonable reserves. (Adewumi Declaration, ¶ 3.)

The Defendants each individually own and operate Native Son located at 813 Grand Ave., Glenwood Springs, CO 81601, which regularly features performances of live and recorded music. (Declaration of John "Jack" Flynn, Assistant Vice President Licensing ("Flynn Declaration"), ¶ 3.)

Between February 2019 and May 2022, BMI repeatedly informed the Defendants of the need to obtain permission for public performances of copyrighted music. BMI offered to enter into a blanket license agreement with the Defendants, but the Defendants did not do so. (Flynn Declaration, ¶¶ 3-8, 10-11, 16.) BMI's records indicate that BMI licensing personnel telephoned the Defendants on nine (9) occasions and sent fourteen (14) letters. (Flynn Declaration, ¶¶ 3-8, 10-11, 16.)

###### B.     Procedural History

Plaintiffs filed the Complaint in this action on June 27, 2022.  In compliance with Fed. R. Civ. P. 4(c), Defendants  Loyal Brothers, Inc d/b/a Native Son, and Ricardo Rodriguez (collectively, "Defendants") were served with a copy of the Summons and Complaint on June 30, 2022.  Copies of the Affidavits of Service have been filed with the Court. (Dkt. 20-2.) Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), Defendants were required to file and serve their Answers on Plaintiffs no later than July 21, 2022.

On July 21, 2022, the parties filed a Stipulation for Extension of Time for Defendants to Respond to Plaintiffs' Complaint, extending the Defendants' deadline to file and serve their Answers on Plaintiffs to no later than August 11, 2022. (Dkt. 19.) To date, no responsive pleadings have been filed or served.

On September 19, 2022, Plaintiffs filed a Request for Entry of Default against Defendants. (Dkt. 20.) On September 21, 2022, pursuant to Fed R. Civ. P. 55(a), the Clerk of Court entered the Defendants' default upon the record. (Dkt. 21.)

###### C.     Relief Requested

The Complaint seeks an injunction, statutory damages, the costs of this action, and reasonable attorneys' fees for copyright infringement. In light of Defendants' default, Plaintiffs request judgment awarding each of these forms of relief. Liability for copyright infringement is established where the defendant defaults as "[t]he facts alleged in the pleadings are assumed to be true." *Broad. Music, Inc. v. DeGallo, Inc.*, 872 F. Supp. 167, 168 (D.N.J. 1995); *see also Broad. Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656 (S.D.N.Y. 1996).

Within the limits of $750 and $30,000 per infringement, the amount of any statutory damages award is within the discretion of this Court. 17 U.S.C. § 504(c) (1999). For the five (5) acts of infringement described in the Complaint, Plaintiffs request a reasonable total award of $16,125.00. This constitutes an award of $3,225.00 for each of the five (5) infringements, a figure that is approximately three times the amount Plaintiffs would have received in licensing fees from Defendants to date had their establishment properly been licensed. (*See* Flynn Declaration, ¶ 20.)

## II.   ARGUMENT

### A.   Default Judgment Is Proper.

Plaintiffs' Summons and Complaints were properly served on Defendants. Defendants did not file a pleading or otherwise defend. As such, Defendants are in default and a default judgement in this case is proper. Fed. R. Civ. P. 55(b). Moreover, as set forth in Plaintiffs' request for entry of default, Plaintiff is not aware of any evidence that Defendant Ricardo Rodriguez is either incompetent or a minor, or that Defendant Loyal Brothers, a company, is a minor or incompetent person. (Dkt. 20.) Additionally, Plaintiffs have confirmed that Loyal Brothers is a company and therefore is not a currently active military service member and is aware of no evidence that Defendant Ricardo Rodriguez is currently in the military service of the United States (*Id.*) Default judgement is proper as to the Defendants.

Defendants are in default for Plaintiffs' claims of copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). (Dkt. 1.) Upon entry of default the factual allegations of Plaintiffs' Complaint will be taken as true. *Tripodi v. Welch*, 810 F.3d 761, 764-65 (10th Cir. 2016). The well-pleaded allegations of Plaintiffs' Complaint establish that Defendants have infringed five (5) of

4

Plaintiffs' copyrights. The Complaint contains factual allegations detailing Plaintiffs' copyrights that were infringed by Defendants, the date(s) of infringement, and location where infringement occurred. (Dkt. 1; Dkt. 1-2.). The Complaint and the facts disclosed herein set forth the factual elements establishing claims for copyright infringement.

**B.  Remedies.**

An award three times the amount of licensing fees that Plaintiff would have received in licensing fees from Defendants is an appropriate remedy for default in a copyright infringement action. Indeed, courts consistently have held that a statutory damages award between two and three times the amount of licensing fees that the plaintiff would have received in licensing fees is appropriate under Section 504(c). *See Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229-30 (7th Cir. 1991); *Dream Dealers Music v. Parker*, 924 F. Supp. 1146, 1153 (S.D. Ga. 1994) (awarding three times what defendant would have paid ASCAP to be licensed); *Broadcast Music, Inc. v. DeGallo, Inc.*, 872 F. Supp 167, 169 (D.N.J. 1995); *Rodgers v. Eighty Four Lumber Co.*, 623 F. Supp. 889, 892 (W.D. Pa. 1985); *see also Sailor Music v. IML Corp.*, 867 F. Supp. 565, 570 (E.D. Mich. 1994) (reviewing "a survey of statutory awards throughout the country, all of which indicate that the courts typically award three times the amount of a properly purchased license for each infringement").

Courts considering awards of statutory damages have recognized that awards in the range of $3,000-$5,000 per infringement or higher are appropriate in cases where the infringement resulted from deliberate indifference toward copyright laws. *See Divine Mill Music v. Blackmon's Inc.*, No. 08-cv-501-JPG, 2008 U.S. Dist. LEXIS 89755, at *7 (S.D. Ill. 2008) (awarding "$7,000 per work infringed, for a total principal amount of $ 42,000"); *Dream Dealers*, 924 F. Supp. at 1153

(awarding $5,000 per violation); *Broadcast Music, Inc. v. Entertainment Complex, Inc.*, 198 F. Supp. 2d 1291, 1297 (N.D. Ala. 2002) (awarding $3,909.09 for each of 11 copyright violations). Therefore, Plaintiffs' request is a modest, just, and appropriate statutory damages award.

In any civil action such as this one under the Copyright Act, costs and attorneys' fees are recoverable under 17 U.S.C. § 505. Accordingly, under this provision, the courts have allowed full recovery by the prevailing party of its reasonable costs. *See Milene Music, Inc. v. Gotauco*, 551 F. Supp. 1288, 1297 (D.R.I. 1982). In addition to statutory damages, Plaintiffs request an award of costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505. Plaintiffs submit that its counsel and paralegal have spent approximately a combined 15.3 hours of time on this case as set forth in the Declaration of Kristen M. Geary ("Geary Declaration"), ¶ 4. Plaintiffs' counsel charged their hourly rates of $665 and $320/$355(after October 1, 2022) per hour for their services, and Plaintiffs' paralegal charged their hourly rate of $200 per hour for their services. Plaintiffs' timekeepers have charged fees of $5024.50 in billed and unbilled time. (Geary Declaration, ¶ 4.) This amount represents a reasonable fee in light of the experience of counsel, the nature of the case, and the services provided. (*See id.*, ¶ 5.) Plaintiffs incurred costs in the amount of $902.00. (*Id.*, ¶ 6.) Thus, the total fees and costs requested from the Court is $5926.50 plus any fees associated with preparing for and arguing Plaintiffs' Motion for Default Judgement.

**III.    CONCLUSION**

Because no responsive pleading was filed within the time provided by the Rules or the deadline stipulated by the parties, pursuant to Federal Rule of Civil Procedure 55(b), Plaintiffs respectfully move this Court for entry of default judgment against Defendants, jointly and severally, ordering that:

(a)     Defendants Loyal Brothers, Inc d/b/a Native Son, and Ricardo Rodriguez, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restraining from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(b)     Defendants Loyal Brothers, Inc d/b/a Native Son, and Ricardo Rodriguez pay statutory damages in the amount of $16,125.00. which represents an award of $3,225.00 for each of the five (5) acts of infringement, pursuant to 17 U.S.C. § 504(c);

(c)     Defendants Loyal Brothers, Inc d/b/a Native Son, and Ricardo Rodriguez pay Plaintiffs' costs, including reasonable attorneys' fees in the amount of $5,926.50, pursuant to 17 U.S.C. § 505;

(d)     Defendants Loyal Brothers, Inc d/b/a Native Son, and Ricardo Rodriguez pay interest on these awards pursuant to 28 U.S.C. § 1961.

Respectfully submitted,

Dated: October 14, 2022

MERCHANT & GOULD P.C.

*/s/Kristen M. Geary*_____
Kristen M. Geary
KGeary@MerchantGould.com
George C. Lewis
glewis@merchantgould.com
1801 California Street, Suite 3300
Denver, CO 80202
Phone: (303) 357-1208

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October 2022, I electronically filed and served the foregoing **PLAINTIFFS' MOTION FOR DEFAULT JUDGEMENT AGAINST DEFENDANTS** with the Clerk of the Court using the CM/ECF System and additionally emailed to:

Ricardo Rodriguez
Loyal Brothers, Inc. d/b/a Native Son
813 Grand Ave.
Glenwood Springs, CO 81601
nativeson.gws@gmail.com

*/s/Shannon Maney*