## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01590-MEH

BROADCAST MUSIC, INC., a Delaware corporation,
GIBB BROTHERS MUSIC, a partnership,
CROMPTON SONGS, a sole proprietorship,
SONY/ATV SONGS, LLC, a Delaware company,
SONY/ATV LATIN MUSIC PUBLISHING, LLC, a Delaware company,
EMI BLACKWOOD MUSIC, INC., a Delaware corporation,
COLLIPARK MUSIC, a sole proprietorship,
SOAR LOSER MUSIC, a sole proprietorship,
DA CRIPPLER PUBLISHING, a sole proprietorship,
EWC PUBLISHING CO., a sole proprietorship,
SOULJA BOY TELLEM MUSIC, INC., a Mississippi corporation, and
WARNER-TAMERLANE PUBLISHING CORP., a California corporation,,

       Plaintiffs,

v.

LOYAL BROTHERS, INC.,
d/b/a Native Son, and
RICARDO RODRIGUEZ,

       Defendants.

---

### DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AND FOR LEAVE TO FILE ANSWER TO PLAINTIFFS' COMPLAINT

---

      Defendants Loyal Brother's Inc., d/b/a Native Son ("Native Son") and Ricardo Rodriguez ("Mr. Rodriguez"), by and through counsel, submit this Motion to Set Aside Clerk's Entry of Default and for Leave to File Answer to Plaintiffs' Complaint ("Motion") and, in support, state as follows:

      **<u>Certificate of Conferral</u>**: Counsel for Defendants conferred with counsel for Plaintiffs by telephone on December 7, 2022 regarding this Motion and the relief requested. As of the date of conferral, Plaintiffs' Counsel was unable to indicate whether Plaintiffs oppose the Motion.

1

I.    **Procedural History and Factual Background**

Plaintiff Broadcast Music, Inc. ("BMI"), along with eleven other entities allegedly owning copyrights in musical compositions alleged to be at issue in this case filed their Complaint initiating this action on June 27, 2022. Dkt. #1. The Complaint was filed more than three years after BMI claims to have known of allegedly infringing activity. *See* Dkt. #23 at 2.

Plaintiffs assert service of the Complaint was made on Defendants on June 30, 2022. Dkt. #18. Thereafter, counsel for Plaintiffs communicated directly with Mr. Rodriguez regarding Plaintiffs' claimed damages and settlement demands, and Mr. Rodriguez and Plaintiffs' counsel agreed to an extension of time to respond to the Complaint. *See* Dkt. #20-1 at 2. Accordingly, Plaintiffs' counsel filed a stipulation for an extension of time for Defendants to respond to the Complaint through and including August 11, 2022. Dkt. #19.

On September 19, 2022, Plaintiffs moved for an entry of default against Defendants. Dkt. #20. The Clerk of Court entered default against Defendants, pursuant to Fed. R. Civ. P. 55(a), on September 21, 2022. Dkt. #21. Plaintiffs filed a motion for default judgment against Defendants. Dkt. #23. On November 22, 2022, the Court issued an Order to Show Cause regarding Defendants' response to the motion for default judgment. Dkt. #24.

On December 6, 2022, Undersigned counsel was retained by Defendants to appear in this action and defend on behalf of Defendants.

Defendants' proposed Answer to Plaintiffs' Complaint is attached as Exhibit A.

II.    **Legal Standard**

Under Rule 55(c), the "court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). "The preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Polaski v. Colo.*

*Dep't of Transp.*, 198 F. App'x 684, 685 (10th Cir. 2006) ("Default judgments are disfavored by courts." (*citing Katzson Bros, Inc. v. United States EPA*, 839 F.2d 1396, 1399 (10th Cir. 1988)). The "good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). In determining whether to set aside an entry of default, courts may consider: "(1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense." *Gold v. State Farm Mut. Auto. Ins. Co.*, No. 17-cv-01348-PAB-STV, 2018 WL 1010943, *1 (D. Colo. Feb. 22, 2018). "The court need not consider each one of these factors and may consider other factors in its discretion." *Id.*

Under Rule 6(b)(1)(B), a court may, for good cause, extend the time to file an answer on a motion made after the time to answer has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Rule 6(b)(1)(B) permits courts "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993).

## III.  <u>Argument</u>

### A.  **Good Cause Exists to Set Aside the Clerk's Entry of Default.**

The entry of default against Native Son and Mr. Rodriguez should be set aside for good cause. Defendants inadvertently failed to timely respond to Plaintiffs' Complaint, but desire to defend against Plaintiffs' claims on the merits and have viable defenses to be adjudicated. Review of relevant factors supports granting this Motion.

*1. Defendants' default did not result from culpable conduct.*

The default was not occasioned by culpable conduct of Defendants. Mr. Rodriguez is not a lawyer and not experienced in legal proceedings. After receiving the Complaint, Mr. Rodriguez contacted counsel for Plaintiffs and engaged in good faith discussions to resolve this dispute. This dispute involves karaoke entertainment provided by a third-party, professional DJ, Brett Tenza ("DJ Tenza"), on certain evenings in 2019 and 2020 at Native Son. *See* Dkt. #23-7. In his interactions with Plaintiffs' counsel, Mr. Rodriguez communicated that he was informed by DJ Tenza, who was not and never has been an employee or agent of Native Son or Mr. Rodriguez, that all karaoke songs used or played by DJ Tenza were licensed. Nonetheless, Mr. Rodriguez offered to pay reasonable license fees for certain periods to BMI to settle this dispute. Mr. Rodriguez expected follow-up from Plaintiffs' counsel with a reasonable settlement offer, and to be kept apprised of the circumstances with the lawsuit filed by Plaintiffs. As indicated in Plaintiffs' request for entry of default and their subsequent motion for default judgment, Plaintiffs only emailed those filings but did not formally serve them on Mr. Rodriguez or Native Son. Plaintiffs' counsel did not confer with Mr. Rodriguez regarding seeking an entry of default against Defendants or seeking default judgment against Defendants, or explain to Mr. Rodriguez the potential implications of delay in responding to the Complaint.

Defendants' failure to timely respond to the Complaint was not culpable. Rather, it resulted from Mr. Rodriguez's expectation that settlement negotiations would continue and lead to a resolution of this dispute, and his lack of understanding of the legal implications of not retaining counsel and timely appearing and defending in the lawsuit.

"Generally a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default." *United States v. Timbers Preserve, Routt Cty., Colo.*,

999 F.2d 452, 454 (10th Cir. 1993), *abrogated on other grounds by Degen v. United States*, 517

U.S. 820 (1996). "Courts have consistently held that an unintentional or good faith mistake does

not rise to the level of culpable conduct under Rule 55(c), particularly where a party takes

prompt action to remedy its error." *Gold*, 2018 WL 1010943 at *2. In this case, Mr. Rodriguez's

failure to ensure a timely response to Plaintiffs' Complaint on behalf of Defendants was not

culpable. Instead, the delay resulted from inadvertence and lack of understanding by Mr.

Rodriguez, coupled with his good faith belief that Plaintiffs' counsel and BMI would continue to

follow a reasonable trajectory in settlement discussions to reach a fair and reasonable agreement

to resolve the dispute. Thus, the first factor weighs in favor of setting aside the entry of default.

    2.   *Setting aside the default will not prejudice Plaintiffs.*

    This lawsuit is in its early stages, with only a Complaint filed and Plaintiffs' filings

pursuing entry of default and default judgment. Plaintiffs' motion for default judgment is brief

and the exhibits attached set forth only certain facts that Plaintiffs would otherwise need to allege

plausible claims for copyright infringement. Defendants are moving to set aside the entry of

default only two and a half months after it was entered.

    When a motion to set a default aside is submitted within months after the missed

deadlines, courts typically do not find prejudice to the plaintiff. *E.g.*, *Gold*, 2018 WL 1010943 at

*2 (finding no prejudice where defendant missed answer deadline by two months); *Islet*

*Holdings, Inc. v. Islet Sciences, Inc.*, 2017 WL 11672516, *5 (D. Utah Feb. 24, 2017) (finding no

prejudice were motion to set aside default was filed more than two months after default). That

Plaintiffs must prove their claims on the merits if the default is set aside is not prejudice for

purposes of Rule 55(c). *Gold*, *Gold*, 2018 WL 1010943 at *2. Moreover, Defendants seek to

minimize the impact of the short delay to this new lawsuit by submitting their proposed Answer

to Plaintiff's Complaint with this Motion. Accordingly, setting aside the default will not prejudice Plaintiffs.

Therefore, the second factor weighs in favor of setting the default aside because doing so will not prejudice Plaintiffs.

   3.  *Defendants have meritorious defenses.*

Defendants have several defenses to Plaintiffs' claims of copyright infringement that should be determined in due course on their merits. "In determining whether a defendant has a meritorious defense for purposes of setting aside an entry of default, 'the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action.'" *Gold*, 2018 WL 1010943 at *2 (quoting *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978)). As reflected in the statement of Defenses and Affirmative Defenses set forth in Defendants' proposed Answer, and as summarized below, Defendants' defenses include (but are not limited to) untimeliness of Plaintiffs' claims, license, lack of any direct copyright infringement, and lack of the requisite elements of vicarious liability for alleged copyright infringement. Additionally, the damages Plaintiffs seek are excessive and disputed.

Native Son merely hired a professional DJ to provide karaoke entertainment at Native Son. In doing so, Mr. Rodriguez inquired with DJ Tenza regarding his ability to use and play karaoke songs for restaurant and bar patrons. DJ Tenza ensured that his operation was compliant with applicable laws and he used an application ("app") that provided necessary licenses for the music he would use and play. DJ Tenza specifically identified the app "Karafun" as his source for karaoke music, and conveyed to Mr. Rodriguez that the music was licensed. Consistent with DJ Tenza's statements, the website for the Karafun app states that "KaraFun is completely

compliant with the law" and that Karafun has "partnered with major Music Publishers in order to offer a complete, accurate and quality-based catalog." *See* https://www.karafun.com/help/presentation_64.html. Discovery regarding the licensing in place between Karafun and BMI will be necessary to adjudicate Defendants' license defense, but certainly Defendants have set for a meritorious defense at this early stage of the proceedings.

Additionally, Plaintiffs have not alleged that Native Son or Mr. Rodriguez directly infringed any of the allegedly copyrighted songs at issue in this case. Instead, Plaintiffs' claims are premised on a vicarious liability theory seeking to hold Defendants liable based on alleged copyright infringement by DJ Tenza. *See* Dkt. #1, Complaint ¶¶ 18-20; Dkt. #23-7. However, to succeed on a claim for vicarious liability, Plaintiffs must prove that Defendants had "the right and ability to supervise the infringing activity" and had "a direct financial interest in such activities." *Diversey v. Schmidly*, 738 F.3d 1196, 1204 (10th Cir. 2013). Defendants, as alleged in their proposed Answer, did not have the right or ability to supervise DJ Tenza's karaoke activities such as his selection of songs to play, nor did Defendants directly benefit from the alleged copyright infringement.

At least as to Plaintiff BMI, which purports to control the licensing and use for all of the alleged copyrighted works at issue, Defendants have potential statute of limitations or laches defenses. BMI claims it was aware of alleged infringing activities occurring at Native Son as of February 2019, but BMI did not commence this lawsuit until late June 2022. *See* Dkt. #23 at 2. The Copyright Act statute of limitations is three years. 17 U.S.C. § 507(b). Thus, Plaintiffs' claims may be invalid because they are untimely.

Further, Plaintiffs appear to seek unreasonable and excessive damages in connection with their claims. Plaintiffs' motion for default judgment seeks statutory damages for five alleged

instances of copyright infringement—i.e., five songs played one time each during karaoke entertainment by DJ Tenza. But Plaintiffs' requested damages is based on a multiplier of approximately three times what an *annual* licensing fee would cost—i.e., a license that would allow Defendants to publicly perform the copyrighted works as many times as desired for an entire year. Plaintiffs have not disclosed what the licensing fee is or would have been for a single use of a single song, which would be the relevant baseline for a claim of damages based on the licensing fee. Instead, Plaintiffs seek tens of thousands of dollars in statutory damages for only five alleged instances of purported infringement, without any logical basis for such calculation. Defendants will vigorously defend against Plaintiffs' excessive and overstated damages, in addition to pursuing their multiple defenses on the merits.

In sum, good cause exists to set aside the entry of default against Defendants. The default did not result from culpable conduct of Defendants, setting the default aside would not prejudice Plaintiffs, and Defendants have meritorious defenses to Plaintiffs' claims.

**B.   Defendants Should be Granted Leave to File their Answer and Defend on the Merits.**

In conjunction with their request to set aside the Clerk's entry of default, Defendants seek leave to file their proposed Answer to Plaintiff's complaint, which is attached hereto as Exhibit A. Granting Defendants leave to filed their Answer will allow the matter to proceed with the least possible delay after setting aside the entry of default. Defendants' failure to timely file their Answer resulted from inadvertence and a lack of understanding of the legal process. Defendants, through Mr. Rodriguez, acted in good faith in attempting to negotiate a resolution of this dispute with Plaintiffs' counsel. Defendants did not intend to disregard legal requirements, but rather did not adequately understand the import of the documents they received in connection with this action. Now that Defendants have retained undersigned counsel, compliance with applicable

deadlines will be achieved and Defendants will be duly apprised of the implications of filings and events in this action. For the reasons explained above warranting setting aside the entry of default, good cause and excusable neglect exist to allow Defendants to file their proposed Answer out of time. *See Gold*, 2018 WL 1010943 at *3 n.2 (granting leave to file answer out of time since the "court's decision to set aside entry of default would be rendered meaningless if [the defendant] was not also permitted to file [it's] answer out of time").

## IV.   <u>Conclusion</u>

WHEREFORE, for all of the foregoing reasons, Defendants respectfully request that the Court Grant this Motion, enter an order setting aside the clerk's entry of default and granting leave to file Defendant's proposed Answer, enter an order denying Plaintiffs' motion for default judgment as moot, and award such further relief as the Court deems just and proper.

Dated: December 8, 2022                    Respectfully submitted,

<u>*s/ Alexander C. Clayden*</u>
Alexander C. Clayden
Johnston Van Arsdale Martin PLLC
901 Grand Avenue, Suite 201
P.O. Box 878
Glenwood Springs, CO 81602
Phone: (970) 922-2122
Email: alex@jvamlaw.com

*Attorneys for Defendants*

9

## CERTIFICATE OF SERVICE

I certify that on December 8, 2022, I electronically filed the foregoing **DEFENDANTS' MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AND FOR LEAVE TO FILE ANSWER TO PLAINTIFFS' COMPLAINT** with the Clerk of the Court using the Court's CM/ECF system, which will send notifications of the filing to all parties entered in this matter.


*/s/ Nadya Williams*
Nadya Williams, Paralegal